UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

KENEISHA JOHNSON,

    Plaintiff,

v.                                  Case No.

AMERIGAS PROPANE, INC.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Keneisha Johnson, sues Defendant, Amerigas Propane, Inc., and alleges:

1.    This is an action which arises under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq.; the Florida Minimum Wage Act, Florida Statute §448.110; and the Florida Private Whistleblower Act, Florida Statute §§ 448.101-105.

JURISDICTION & VENUE

2.    This Court has jurisdiction of this action pursuant to 29 U.S.C. § 2617; 29 U.S.C. § 216 (b); 42 U.S.C. § 12117; and 28 U.S.C. § 1367.

3.    Venue is proper within this district pursuant to 28 U.S.C. §1391(b) as the events giving rise to this litigation took place in Palm Beach County, Florida.

## FACTS COMMON TO ALL COUNTS

4. Plaintiff is an individual who was an eligible "employee," within the meaning of the FLSA, as well as under Chapter 448 of the the Florida Statutes. All pre-suit prerequisites have been completed by Plaintiff, including pre-suit notice pursuant to §448.110, Florida Statutes.

5. Defendant was Plaintiff's "employer," within the meaning of the FLSA and under Chapter 448 of the Florida Statutes at all times relevant to this complaint, and Defendant was at all times relevant, conducting business in the propane gas industry.

6. Defendant was both engaged in commerce or in an industry or activity affecting commerce, and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

7. At the time of the incidents relevant hereto, Plaintiff was employed as a customer service representative by Defendant at its place of business in Palm Beach County, Florida, where she had been continuously employed from October of 2006 to October of 2015, when the Defendant summarily terminated Plaintiff's 9 years of employment.

8. At all times material, Defendant paid Plaintiff a regular rate of pay of $17.05 per hour for her position of customer service representative.

9. Between October 2012 and October 2015, Plaintiff performed some of her job duties for Defendant from home, including but not limited to enrolling customer accounts online, customer billings and corrections to billings, data collection and entry regarding

deliveries and drivers, processing new customer applications and accounts, and scheduling service orders.

10. The Defendant knew Plaintiff was working from home, accepted and benefited from Plaintiff's work, and at no time did Defendant instruct Plaintiff not to perform the work.

11. Defendant required Plaintiff to complete a certain amount of work for which Defendant knew there was not enough time during Plaintiff's regular office hours, and thus both Defendant and Plaintiff agreed Plaintiff would work from home on job duties that she was not able to finish at the office.

12. Defendant never paid any wages to Plaintiff for any of the work she performed from home between October 2012 and October 2015.

13. Plaintiff does not possess the complete records regarding her work hours from home, but at no time did Defendant compensate Plaintiff for any of the hours of work Plaintiff performed at home.

14. Defendant is in possession of records of Plaintiff's work, time worked, and compensation paid and not paid to Plaintiff therefor.

15. On several occasions, Plaintiff was ordered by Defendant, via Plaintiff's manager and supervisor, to falsify numbers in documents that were either being audited or were subject to auditing, including inventory counts involving propane gas and tanks.

16. Plaintiff consistently objected to her managers' orders to falsify documents and Plaintiff refused to falsify documents for the Defendant.

17. Throughout the summer and early fall of 2015, Plaintiff reported to management several unlawful acts by the Defendant and its employees involving the Defendant's propane gas

tanks and the Defendant's failure to follow legal requirements involving public safety and environmental regulations, including but not limited state statutes governing the sales and delivery of propane gas.

18. Plaintiff objected to the Defendant's unlawful acts, verbally stating her objections to her manager and supervisor and pleading with Defendant to come into compliance with all laws.

19. Plaintiff discovered Defendant was over-billing several customers and Plaintiff objected and complained to Defendant's managers about the over-billing of customers.

20. Plaintiff's manager and supervisor verbally admonished Plaintiff for her refusal to falsify audit documents, and for her objections to Defendant's unlawful acts.

21. Defendant terminated Plaintiff's employment of 9 years after Plaintiff refused to falsify audit documents and after Plaintiff objected to Defendant's unlawful acts regarding propane violations and over-billing of customers.

## COUNT I
## FAIR LABOR STANDARDS ACT

22. Plaintiff re-alleges paragraphs 1-21 above.

23. Between October 2012 and October 2015, Plaintiff performed compensable work for the Defendant for which the Defendant did not pay Plaintiff wages.

24. The Defendant's refusal to pay wages to Plaintiff for the compensable work Plaintiff performed was willful.

25. Pursuant to the FLSA, Plaintiff is entitled to minimum wages from the Defendant for the work she performed, as well as an equal amount for liquidated damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

A. Judgment against the Defendant for violation of the minimum wage provisions of the FLSA;

B. Judgement that Defendant's violations of the FLSA were willful;

C. An award to Plaintiff of unpaid wages, liquidated damages, and prejudgment interest on any unpaid wages upon which liquidated damages were not assessed;

D. An award of reasonable attorney's fess and costs pursuant to 29 U.S.C. § 216 (b)

E. Any such other relief the Court deems appropriate and just.

## COUNT II
## FLORIDA MINIMUM WAGE ACT, § 448.110, Florida Statutes

26. Plaintiff re-alleges paragraphs 1- 21 above.

27. Between October 2012 and October 2015, Plaintiff performed compensable work for the Defendant for which the Defendant did not pay Plaintiff any wages.

28. The Defendant's refusal to pay wages to Plaintiff for the compensable work Plaintiff performed from home was willful.

29. Pursuant to the Florida Minimum Wage Act, Plaintiff is entitled to minimum wages from the Defendant for the work she performed, as well as an equal amount for liquidated damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

A. Judgment against the Defendant for the full amount of Plaintiff's unpaid back wages;

B.  Judgement that Defendant's violations of the Florida Minimum Wage Act were unreasonable and not in good faith;

C.  An award to Plaintiff of unpaid wages, liquidated damages, and prejudgment interest on any unpaid wages upon which liquidated damages were not assessed;

D.  An award of reasonable attorney's fess and costs pursuant to §448.100, Florida Statutes; and

E.  Any such other relief the Court deems appropriate and just.

## COUNT III
## FLORIDA WHISTLEBLOWER ACT, § 448.102 (3), Florida Statutes

30. Plaintiff re-alleges paragraphs 1 - 21, above.

31. Plaintiff objected to Defendant's management about activities of Defendant that were in violation of state and/or federal law, and Plaintiff refused to participate in the unlawful activities when Defendant insisted Plaintiff do so.

32. Defendant retaliated against Plaintiff for objecting to Defendant's unlawful activities by taking adverse employment actions against Plaintiff in the terms and conditions of employment, including but not limited to terminating Plaintiff's 9 years of employment in October 2015.

33. Defendant retaliated against Plaintiff for refusing to participate in Defendant's unlawful activities by taking adverse employment actions against Plaintiff in the terms and conditions of employment, including but not limited to terminating Plaintiff's employment.

34. Plaintiff suffered damages as a result of the retaliatory employment action taken against her by Defendant .

WHEREFORE, Plaintiff demands judgment against Defendant for damages, interest, costs, attorney's fees pursuant to Florida Stat. 448.104 and such other further relief as the Court deems just and proper, both in law and in equity, and demands trial by jury.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury on all issues so triable.

Dated this 29th day of February, 2016.

        Respectfully submitted,

        /s/ Peggy Underbrink
        Attorney for Plaintiff
        Florida Bar No. 599107
        PO Box 791
        Montrose CO 81402
        T 888-811-0391
        F 888-811-0391
        peggyunderbrinklaw@mac.com